IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03907-PAB

JEAN FRANK JOEL LOPEZ ROJAS,

Petitioner,

v.

JUAN BALTAZAR, Warden, Aurora ICE Detention Center,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
DAVID VENTURELLA, Director, U.S. Immigration and Customs Enforcement,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jean Frank Joel Lopez Rojas's *pro se* amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 4].[1] Respondents have filed a response. Docket No. 10.

1 Because petitioner is proceeding *pro se*, the Court construes his filings liberally without serving as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. BACKGROUND[2]

Petitioner is a native and citizen of Venezuela who is currently an immigration detainee at the Aurora Detention Center in Aurora, Colorado. Docket No. 4. Petitioner entered the United States without inspection at El Paso, Texas, in or about May 2023, and applied for asylum and withholding of removal that same month. *Id.* at 5. His asylum application remains pending. *Id.* In July 2026, he was arrested by local law enforcement in Lakewood, Colorado on an assault charge, for which he was sentenced to probation. *Id.*

On August 17, 2026, Immigration and Customs Enforcement ("ICE") arrested petitioner and placed him in custody at the Aurora Detention Center pending removal proceedings. *Id.* Petitioner asserts that he was not told the reasons for his detention by ICE at the time of his arrest and that the only document he received that day was a property inventory sheet from GEO Group staff. *Id.* at 5-6. The next day, August 18, 2026, ICE took him to its Centennial office and served him with several documents, including a Notice of Custody Determination, a Notice to Appear, and a Warrant for Arrest of Alien. *Id.* at 6. Petitioner argues that: "I was arrested irregularly and illegally without a warrant of arrest at the moment of my detention *in situ and on time*, as I stated

---

2 Petitioner asserts numerous factual allegations in the amended habeas petition. Docket No. 4. Respondents do not dispute the allegations. Docket No. 10. Respondents state that they "are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. "Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief." *Id.* Thus, the Court accepts as true the facts alleged in the amended habeas application.

my arrest occurred on 08/17/26, but ICE provided me with the warrant of arrest on 08/18/26." *Id.*

From these facts, petitioner asserts two claims titled as follows: (1) "My Irregular, illegal, and warrantless detention violates *Ramirez Ovando v. Noem*. 810F. Supp. 3D 1209 (D. Colo. 2025); the Immigration and Nationality Act (INA), and the INA's implementing Regulations"; and (2) "Violation of the Due Process and the Immigration and Nationality Act (INA), and the INA's implementing Regulations." *Id.* at 5 (no alterations made)). As relief, petitioner seeks immediate release from immigration custody. *Id.* at 10.

On October 1, 2026, respondents filed a response. Docket No. 10. Respondents state that they are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case." *Id.* at 1. Respondents state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents release Petitioner with conditions to be set by the Department of Homeland Security. *Id.* at 1-2 (citing *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026)).

## II. ANALYSIS

In *Santillan Quiroz*, the Tenth Circuit held that 8 U.S.C. § 1226(a) governs the detention of noncitizens undergoing removal proceedings who are detained in the interior of the United States. 180 F.4th at 1232. Petitioner is undergoing removal proceedings and was detained in the interior of the United States. Docket No. 4 at 6-7.

Respondents do not dispute that petitioner is detained pursuant to § 1226(a). *See* Docket No. 10. Thus, the Court finds that petitioner is detained pursuant to § 1226(a).

Section 1226(a) authorizes arrest and detention only "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (providing that a noncitizen may be arrested and detained only "[o]n a warrant issued by the Attorney General"); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("[Section 1226(a)] authorizes detention only '[o]n a warrant issued' by the Attorney General leading to the alien's arrest."). The Department of Homeland Security regulations likewise permit immigration officers to "arrest[] and take[] into custody" individuals suspected of violating the immigration laws *after* the officers have obtained a warrant and a Notice to Appear. *See* 8 C.F.R. §§ 236.1(b), 1236.1(b); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (observing that ICE officers "possess extremely broad authority" to arrest individuals subject to removal proceedings after a warrant and NTA have issued), *appeal docketed sub nom. Ramirez Ovando v. Mullin*, No. 26-1027 (10th Cir. Jan. 26, 2026). Thus, "[i]ssuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a)." *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025). "If the alien [detained under § 1226(a)] has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release 'the arrested alien' are likewise not triggered." *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023); *see*

*also Quezada-Estrada v. Lyons*, No. 26-cv-01599-NYW, 2026 WL 1361880 (D. Colo. May 15, 2026), at *5 ("Fundamentally, Respondents may not detain first, and justify later." (collecting cases)).

Without a warrant, the government's authority to make immigration arrests is "more limited." *Ramirez Ovando*, 810 F. Supp. 3d at 1216 (quoting *Arizona v. United States*, 567 U.S. 387, 408 (2012)). An immigration officer may make a warrantless arrest "if he has reason to believe" that a noncitizen is unlawfully present in the United States "and is likely to escape before a warrant can be obtained." 8 U.S.C. § 1357(a)(2). Courts have interpreted the "reason to believe" language as equivalent to the constitutional probable cause standard and requiring a particularized finding of probable cause that the noncitizen is likely to escape. *See Ramirez Ovando*, 810 F. Supp. 3d at 1216-17 (citing *Roa-Rodriguez v. United States*, 410 F.2d 1206, 1209 (10th Cir. 1969)) (further citations omitted); *Escobar Molina v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 3d 1, 30–31 (D.D.C. 2025).

According to the allegations in petitioner's amended habeas application, the government did not comply with these requirements when it arrested and detained him. Petitioner alleges that he was arrested by ICE officers without a warrant on August 17, 2026. It was not until the next day, August 18, 2026, that the government produced a warrant and Notice to Appear. Respondents do not provide any opposition to petitioner's allegations that he was arrested without a warrant and without an NTA. Docket No. 10. Respondents also do not provide any argument or set forth any

evidence showing that petitioner's arrest without a warrant was proper under § 1357(a). They have therefore waived any arguments in opposition. *Quezada-Estrada*, 2026 WL 1361880, at *6 (citing *Eateries, Inc. v. J.R. Simplot Co.*, 346 F.3d 1225, 1232 (10th Cir. 2003) ("A party forfeits an issue it does not support with legal authority or argument." (quotation omitted))).

The Court finds that respondents did not comply with the requirements of 8 U.S.C. §§ 1226(a) and 1357(a) when arresting and detaining petitioner. The amended habeas application will be granted as to petitioner's claim that he was improperly arrested and detained without a warrant. Respondents state that, "if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents release Petitioner with conditions to be set by the Department of Homeland Security." Docket No. 10 at 1-2. Therefore, the Court will order petitioner released because "[r]elease is an appropriate habeas remedy where a petitioner's current detention lacks a 'lawful predicate.'" *Quezada-Estrada*, 2026 WL 1361880, at *6 (quoting *Ahmed M.*, 2026 WL 25627, at *3).

## III. CONCLUSION

Therefore, it is

**ORDERED** that the amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Docket No. 4] is **GRANTED**. It is further

**ORDERED** that respondents shall release petitioner from custody within **48 hours** of the issuance of this order, subject to conditions to be set by the Department of Homeland Security. It is further

**ORDERED** that respondents shall file a status report within **four days** of the issuance of this order confirming that petitioner was released from custody.

DATED October 21, 2026.

BY THE COURT:

s/ Philip A. Brimmer______
PHILIP A. BRIMMER
United States District Judge